UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21175-CIV-JORDAN

JEANNETTE FULLER HAUSLER as
*Successor Personal Representative
of the Estate of* ROBERT OTIS FULLER,
("BOBBY FULLER"), *Deceased*,

        Plaintiff/Judgment Creditor,

vs.

THE REPUBLIC OF CUBA, FIDEL CASTRO
RUZ, individually and as President of the
State and Council Of Ministers, Head of
the Communist Party and Commander-in
Chief of the Military, RAUL CASTRO RUZ,
individually and as First Vice President Of
the Council of State and Council of Ministers
and Head of the Cuban Revolutionary
Armed Forces, THE CUBAN
REVOLUTIONARY ARMED FORCES,
and EL MINISTERIO DEL INTERIOR,

        Defendants/Judgment Debtors,

TELECOM NEW ZEALAND USA LIMITED,

        Garnishee.
_____/

### PLAINTIFF'S AMENDED
### PROPOSED PROCEDURES FOR MOVING FORWARD

     Plaintiff files this Amended Proposed Procedures for Moving Forward and states as follows:

#### Leave of Court

     Plaintiff hereby seeks leave of Court to amend the Proposed "Procedures for Moving Forward" included in Section III of Plaintiff's Memorandum of Law on Preemption, Subject Matter Jurisdiction, Procedure and Related Issues as Required by the Court at the February 8, 2010 Hearing [D.E. 45].

Plaintiff respectfully submits that that this amendment is necessary in order to provide to the Court a way forward that best comports with the procedures used by other district courts in TRIA enforcement proceedings, in particular *Rux et al. v. ABN-AMRO Bank, N.V., et al.* (08 Civ. 6588) (SDNY) (AKH) and *Weininger*, which faced similar issues. Plaintiff regrets that the procedures set forth herein were not included in its original filing. Because of the importance of establishing procedures that ensure an orderly and efficient process to resolve this litigation, the Plaintiff seeks the Court's indulgence for leave to make this amendment. This filing does not respond to any procedures proposed by Telecom New Zealand as Telecom New Zealand has not proposed any procedures for moving forward, but merely has reaffirmed its request for summary judgment. In order to have this issue fully briefed, Plaintiff respectfully suggests that Telecom New Zealand be afforded an opportunity to respond to this filing.

**Preliminary Statement**

The prior submissions by Telecom New Zealand, and in particular the First Declaration of Telecom New Zealand President Laurie Miller, appear to suggest that third parties may claim an interest in some portion of the amounts paid by Telecom New Zealand in connection with telecommunications services to Cuba and that Telecom New Zealand has no interest in those payments. *See* Declaration of Laurie Miller ("Miller Declaration") [D.E. 45-3]. The First Declaration of Ms. Miller states that "under the terms of its agreements with the various carriers, Telecom NZ owes a specified agreed amount to each carrier for every call (including calls to Cuba) that Telecom NZ directly forwards through that carrier." See Miller Declaration ¶ 3(d). A portion of these amounts is owed directly or indirectly to Cuba and therefore constitutes property in which Cuba has an interest, *i.e.*, "blocked assets." That is why the payments are licensed by OFAC.

To the extent Telecom New Zealand is merely a disinterested stakeholder, interpleader would be the appropriate procedure to address the interests of third parties. Interpleader is governed by Fed. R. Civ. P. 22 and was used by the court in *Weininger* to identify the interests of third parties. Interpleader meets the requirements of TRIA and is consistent with the Federal Rules of Civil Procedure.

Accordingly, in order to move the process forward in an orderly and efficient manner Plaintiff proposes the following next steps, which are based upon the Order Regulating Proceedings issued by Judge Alvin K. Hellerstein of the Southern District of New York in *Rux et*

1

*al. v. ABN-AMRO Bank, N.V., et al*. (08 Civ. 6588 (AKH) (attached as Exhibit A), a TRIA enforcement proceeding in which the garnishees claimed that third parties had similar interests in the funds held by the garnishees.  In addition, Plaintiff requests that she be allowed to undertake the discovery previously requested.

### Proposed Procedures for Moving Forward

1. Within 20 days of the Court's order setting procedures, Telecom New Zealand shall identify to the Plaintiff:
    (a) the accrued balance of the amounts owed by Telecom New Zealand to third-party or third country carriers for transfer of U.S.-Cuba telecommunications traffic to Cuba (whether under the OFAC License No. CU-73490 or otherwise) as of the time of the Answer to the Writ of Garnishment or at the time of the service of the Writ of Garnishment, or at any time between such times;[1] and
    (b) the number of minutes of telecommunications traffic to and from Cuba associated with the balance referenced in (a);  and
    (c) the identity of the third-party or third country carriers related to the response to (a) above and provide copies of the agreement(s) with each of those third-party or third country carriers that relate to the balance referenced in (a).
2. Within 30 days of receiving the disclosures identified above, Plaintiff will file any motion for judgment of garnishment and/or turnover she believes appropriate. To the extent that Plaintiff believes that additional parties need to be interpleaded or that further discovery needs to be taken before Plaintiff can initiate her motion for judgment of garnishment and/or turnover she will so notify the Court.
4. Within 20 days after the filing of any motion for judgment of garnishment and/or turnover by Plaintiff, Telecom New Zealand shall interplead, pursuant to Fed. R. Civ. P. 22, any and all entities who Telecom New Zealand reasonably believes may have an interest in the assets that are the subject of Plaintiff's Motion.
5. In the notice of interpleader, Telecom New Zealand is to give any third-parties 60 days to provide written objections asserting any interest they may have in the assets, and to invite any party making written objections to attend a hearing to be scheduled as provided below.

---

[1] These are the time frames mandated by the Writ of Garnishment.

6. At the end of the 60-day period, Telecom New Zealand is to provide a report to Plaintiff and to the Court, cataloguing all objections received from interpleaded third-party claimants, if any are received.

7. Plaintiff shall be entitled to take discovery of any interpleader claimant.

8. Plaintiff may file oppositions to the objections after the completion of discovery.

9. A hearing date will then be scheduled to enable the Court to rule on Plaintiff's motion for judgment of garnishment and/or turnover.

10. To the extent that Telecom New Zealand acts as a disinterested stakeholder in this proceeding, the costs of effecting notice shall be taxed against the ultimate disbursement of funds to the Plaintiff.[2]

Dated: February 18, 2010

Respectfully Submitted,

s/ Karen O. Stewart
Roberto Martinez , Bar No. 305996
bob@colson.com
Karen O. Stewart, Bar No. 0691011
karen@colson.com
COLSON HICKS EIDSON
255 Aragon Avenue, Second Floor
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
Counsel for Plaintiff

---

[2] In *Alejandre v. Telefonica Larga Distancia*, the 11th Circuit noted that "Although the plaintiff did not raise the issue below, it could be argued that the carrier garnishees lacked standing to bring their motion to dissolve the writs. The statutory right to move to dissolve [a writ of garnishment under Fla. Stat. ch. 77.07 (2)] is granted only to the defendant [ — i.e., the judgment debtor — ] and any other person having an *ownership interest* in the property, as disclosed by the garnishee's answer." 183 F.3d 1277, 1280 fn.5 (quoting *Navon, Kopelman & O'Donnell, P.A. v. Synnex Info. Techs., Inc.,* 720 So.2d 1167, 1168 (Fla. 4th DCA 1998) (emphasis and brackets in original). Since Telecom New Zealand does not claim any interest in the licensed payments, it appears not to have any standing to move for summary judgment or to otherwise challenge the writ of garnishment. At a minimum, telecom New Zealand's aggressive challenge to Plaintiff's satisfaction of her judgment from the garnished assets certainly obliterates any pretense that it is acting as a disinterested stakeholder.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

\_\_\_\_s/ Karen O. Stewart_____
Karen O. Stewart

## SERVICE LIST

**THE FOLLOWING SERVED BY CM/ECF**

ALFREDO J. PEREZ, ESQ.
RASCO, REININGER, PEREZ,
ESQUENAZI & VIRGIL, P.A.
Attorneys for Plaintiff
283 Catalonia Avenue, Second Floor
Coral Gables, FL 33131
aperez@rrpev.com


STROOCK & STROOCK & LAVAN LLP
Robert T. Wright, Jr., Esq.
Victoria E. Brieant, Esq.
Rebecca Williams, Esq.
3100 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-5323
Telephone: 305 358 9900
Facsimile: 305 789 9302
rwright@stroock.com
vbrieant@stroock.com